# IN THE COURT OF APPEALS OF IOWA

No. 17-0574
Filed February 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TYLOR IGOU,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clay County, Charles K. Borth, District Associate Judge.

Tylor Igou appeals his conviction for domestic abuse assault causing bodily injury following a jury trial. **AFFIRMED.**

Jack B. Bjornstad of Jack Bjornstad Law Office, Okoboji, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury determined Tyler Igou assaulted his girlfriend, and the district court entered judgment and sentence for domestic abuse assault causing bodily injury. *See* Iowa Code §§ 708.2A(1), (2)(b) (2016).  On appeal, Igou contends the district court should have excluded the girlfriend's testimony as a sanction for the prosecutor's violation of a discovery rule.

### I.    *Background Proceedings*

Iowa Rule of Criminal Procedure 2.14(1) states:

> When a witness subpoenaed by the prosecuting attorney pursuant to rule 2.5 is summoned by the prosecuting attorney after complaint, indictment or information, the defendant shall have a right to be present and have the opportunity to cross-examine any witnesses whose appearance before the county attorney is required by this rule.

After the trial information was filed, the prosecutor issued Igou's girlfriend a pretrial subpoena without notifying Igou or his attorney.  The prosecutor conducted an unrecorded interview of the girlfriend.

At trial, Igou's girlfriend testified for the State.  During cross-examination, the defense learned of the pretrial subpoena.  Igou moved for judgment of acquittal based in part on the prosecutor's failure to notify him of the subpoena.  The district court reserved ruling on the motion but invited either party to "make further record about this subpoena and what the consequences of it should be."  Following the jury's finding of guilt, the court denied the acquittal motion without revisiting the subpoena issue.

Igou moved for a new trial based on the claimed rule violation.  The district court denied the motion after concluding the prosecutor violated rule 2.14(1) but Igou was not prejudiced by the violation.  This appeal followed.

## II.    Error Preservation

Preliminarily, the State raises an error preservation concern.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (stating error is preserved when an issue is raised and decided).  The State argues the proper means to challenge the rule violation was by seeking discovery sanctions, as authorized by rule 2.14(6), and Igou failed to do so.  *See* Iowa R. Crim. P. 2.14(6)(c) ("Where a discovery violation has been shown by timely application, "the court may . . . order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing any evidence not disclosed, or it may enter such other order as it deems just under the circumstances.").  We are not persuaded by this argument

Igou's attorney only learned of the pretrial subpoena at trial.  He immediately cross-examined the girlfriend and established neither he nor his client were present at the interview.  At the close of the State's case, he moved for judgment of acquittal based on the claimed rule violation.  He renewed the motion at the close of trial and filed his new trial motion after trial.  We conclude he preserved error.

## III.    Rule 2.14(1) Violation

We review the court's ruling on the new trial motion for an abuse of discretion.  *See State v. Thompkins*, 318 N.W.2d 194, 197-98 (Iowa 1982) (setting forth the standard of review).  "An abuse of discretion will not generally be found unless the party whose rights have been violated suffered prejudice."  *State v. Babers*, 514 N.W.2d 79, 82 (Iowa 1994) (citing *Thompkins*, 318 N.W.2d at 198).  Igou did not establish prejudice.

The prosecutor stated she was unaware of the notification requirement in rule 2.14(1), and Igou's attorney conceded the rule violation was unintentional. *Cf. Thompkins*, 318 N.W.2d at 197 (finding "a deliberate and inexcusable violation of" an order).

Additionally, Igou's attorney spoke to the girlfriend before trial and learned of her meeting with the prosecutor. Although he was not aware the meeting was convened pursuant to a subpoena, he had no incentive to seek a discovery sanction because the girlfriend's trial testimony helped rather than hurt his client.

From his pretrial meeting with the girlfriend, he was aware of the girlfriend's exculpatory as well as inculpatory versions of events. *See Fry v. Blauvelt*, 818 N.W.2d 123, 130-31 (Iowa 2012) (noting party "clearly was able to investigate and refute" evidence notwithstanding a delay in including certain exhibits in an initial exhibit list); *cf. Thompkins*, 318 N.W.2d at 198 (noting defense counsel only learned of a varying witness account after trial). The inculpatory version entered the trial record through the recording of the girlfriend's 911 call to a dispatcher and her statements to police. In that version, she said Igou pushed her into a door knob and into a kitchen wall. The exculpatory version entered the record through the girlfriend's trial testimony. The defense had filed a pretrial affidavit in which the girlfriend attested, "I don't think [Igou] tried to push me into the doorknob at all" and he "did not throw me against any walls in the kitchen." On cross-examination of the girlfriend at trial, the defense honed in on those recantations. The affidavit was offered and admitted, and the girlfriend reaffirmed the recantations and disavowed her statements to the 911 dispatcher and police. In sum, where the inculpatory version of events was before the jury through the 911 recording and the police

officer's testimony, the girlfriend's trial recantation was crucial to the defense, and Igou was hard-pressed to argue he was prejudiced by it.

We conclude the district court did not abuse its discretion in denying Igou's new trial motion. We affirm his conviction.

**AFFIRMED.**